MORGAN, LEWIS & BOCKIUS LLP
Brian C. Frontino (SBN 222032)
brian.frontino@morganlewis.com
Debra J. Reed (SBN 268914)
debra.reed@morganlewis.com
2049 Century Park East, Suite 700
Los Angeles, CA  90067
Tel: +310.907.1000
Fax: +1.310.907.1001

Attorneys for Defendant
AMERICAN EXPRESS NATIONAL BANK
erroneously sued as
AMERICAN EXPRESS COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO LORIA,<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFAX CONSUMER SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION, LLC; CAPITAL ONE, N.A.; and AMERICAN EXPRESS COMPANY,<br><br>Defendants. | Case No. 2:26-cv-01517-FLA (MBKx)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT AMERICAN EXPRESS NATIONAL BANK, ERRONEOUSLY SUED AS AMERICAN EXPRESS COMPANY**<br><br>Complaint filed: February 12, 2026 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
MIAMI

DB1/ 169745941.1

Defendant American Express National Bank, erroneously sued as American Express Company ("American Express"), hereby answers the Complaint (the "Complaint") filed by Plaintiff Rigoberto Loria ("Plaintiff") as follows:

**INTRODUCTION**

1. Plaintiff purports to bring this action against various defendants, including American Express, asserting alleged violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"), and defamation claims. American Express denies liability to Plaintiff and denies that Plaintiff is entitled to any relief whatsoever from American Express.

2. Answering Paragraph 2 of the Complaint, American Express states that the Complaint purports to assert claims arising under the FCRA, 15 U.S.C. § 1681 et seq. Except as expressly admitted herein, American Express denies the allegations contained in Paragraph 2.

3. Answering Paragraph 1 of the Complaint, American Express states that Paragraph 3 contains definitions to which no response is required. To the extent a response is required, American Express denies the allegations contained in Paragraph 3.

**THE FCRA**

4. Answering Paragraph 2 of the Complaint, American Express states that the FCRA speaks for itself. To the extent the allegations in Paragraph 4 purport to characterize the statute or impose obligations beyond its plain language, American Express denies those allegations. American Express denies any allegation that it violated the FCRA.

**JURISDICTION AND VENUE**

5. Answering Paragraph 3 of the Complaint, American Express does not challenge subject matter jurisdiction for purposes of this action only; however, Plaintiff's claims are subject to a binding arbitration agreement, and American

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
MIAMI

DB1/ 169745941.1

- 1 -

ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 2:26-CV-01517-FLA (MBKX)

Express expressly reserves, and does not waive, the right to compel arbitration of such claims.

6. Answering Paragraph 4 of the Complaint, American Express does not challenge venue for purposes of this action only and incorporates its reservation regarding arbitration stated above.

**PARTIES**

7. Answering Paragraph 5 of the Complaint, American Express lacks knowledge or information sufficient to form a belief as to Plaintiff's residence and therefore denies the allegations. To the extent Paragraph 7 contains legal conclusions, no response is required.

8. Answering Paragraph 8 of the Complaint, American Express states that the allegations are directed to Equifax Consumer Services, LLC and no response is required from American Express. To the extent a response is required, American Express lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

9. Answering Paragraph 9 of the Complaint, American Express states that the allegations are directed to Equifax Consumer Services, LLC and no response is required from American Express. To the extent a response is required, American Express lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

10. Answering Paragraph 10 of the Complaint, American Express states that the allegations are directed to Experian Information Solutions, Inc. and no response is required from American Express. To the extent a response is required, American Express lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

11. Answering Paragraph 11 of the Complaint, American Express states that the allegations are directed to Experian Information Solutions, Inc. and no response is required from American Express. To the extent a response is required,

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
MIAMI

DB1/ 169745941.1

- 2 -

ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 2:26-CV-01517-FLA (MBKX)

American Express lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

12. Answering Paragraph 12 of the Complaint, American Express states that the allegations are directed to Trans Union LLC and no response is required from American Express. To the extent a response is required, American Express lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

13. Answering Paragraph 13 of the Complaint, American Express states that the allegations are directed to Trans Union LLC and no response is required from American Express. To the extent a response is required, American Express lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

14. Answering Paragraph 14 of the Complaint, American Express states that Paragraph 14 concerns definitions applicable to other defendants and requires no response from American Express.

15. Answering Paragraph 15 of the Complaint, American Express states that the allegations are directed to Capital One, N.A. and no response is required from American Express. To the extent a response is required, American Express denies the allegations.

16. Answering Paragraph 16 of the Complaint, American Express states that the allegations are directed to Capital One, N.A. and no response is required from American Express. To the extent a response is required, American Express denies the allegations.

17. Answering Paragraph 17 of the Complaint, American Express admits that it is a "person" within the meaning of 15 U.S.C. § 1681a(b) and that it may furnish information to consumer reporting agencies within the meaning of the FCRA. Except as expressly admitted herein, American Express denies the allegations contained in Paragraph 17.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
MIAMI

DB1/ 169745941.1

- 3 -

ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 2:26-CV-01517-FLA (MBKX)

18. Answering Paragraph 18 of the Complaint, American Express admits that it is a national banking association organized under federal law that conducts business in California and that its principal address is 200 Vesey Street, New York, New York 10285. American Express further admits that CT Corporation System is its registered agent for service of process in California. Except as expressly admitted herein, American Express denies the remaining allegations contained in Paragraph 18.

19. Answering Paragraph 19 of the Complaint, American Express admits only that Plaintiff refers collectively to Capital One and American Express as the "Furnishers." Except as expressly admitted herein, American Express denies the allegations contained in Paragraph 19.

20. Answering Paragraph 20 of the Complaint, American Express states that the FCRA speaks for itself. To the extent a response is required, American Express denies the remaining allegations.

**FACTUAL ALLEGATIONS**

21. Answering Paragraph 21 of the Complaint, American Express admits that Plaintiff held one or more accounts with American Express. American Express lacks sufficient knowledge or information at this time to form a belief as to the truth of the remaining allegations contained in Paragraph 21 and therefore denies them.

22. Answering Paragraph 22 of the Complaint, American Express denies the allegations contained therein.

23. Answering Paragraph 23 of the Complaint, American Express admits that it furnishes certain account information to consumer reporting agencies. Except as expressly admitted herein, American Express denies the allegations contained in Paragraph 23.

24. Answering Paragraph 24 of the Complaint, American Express denies the allegations contained therein.

/ / /

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
MIAMI

DB1/ 169745941.1

- 4 -

ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 2:26-CV-01517-FLA (MBKX)

25. Answering Paragraph 25 of the Complaint, American Express denies the allegations contained therein.

26. Answering Paragraph 26 of the Complaint, American Express lacks sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in Paragraph 26 and therefore denies them.

27. Answering Paragraph 27 of the Complaint, American Express states that the allegations are directed primarily to the consumer reporting agencies and no response is required from American Express. To the extent a response is required, American Express denies the allegations.

28. Answering Paragraph 28 of the Complaint, American Express denies the allegations contained therein.

29. Answering Paragraph 29 of the Complaint, American Express states that the cited decisions speak for themselves. To the extent a response is required, American Express denies any allegations inconsistent with those decisions and denies that it violated the law.

30. Answering Paragraph 30 of the Complaint, American Express states that the cited decisions speak for themselves. To the extent a response is required, American Express denies any allegations inconsistent with those decisions and denies that it violated the law.

31. Answering Paragraph 31 of the Complaint, American Express denies that the FCRA imposes the obligations alleged in Paragraph 31 and denies the remaining allegations.

32. Answering Paragraph 32 of the Complaint, American Express states that the allegations are directed primarily to the consumer reporting agencies and other accounts not associated with American Express and therefore no response is required. To the extent a response is required, American Express denies the allegations.

/ / /

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
MIAMI

DB1/ 169745941.1

- 5 -

ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 2:26-CV-01517-FLA (MBKX)

33.    Answering Paragraph 33 of the Complaint, American Express states that the allegations are directed primarily to the consumer reporting agencies and therefore no response is required. To the extent a response is required, American Express denies the allegations.

**COUNT I**

**(VIOLATION OF THE FCRA 15 U.S.C. § 1681E(B))**

**AGAINST EQUIFAX, EXPERIAN, AND TRANS UNION**

34.    Answering Paragraph 34 of the Complaint, American Express incorporates each of its responses to Paragraphs 1 through 33 above as though fully set forth herein.

35.    Answering Paragraph 35 of the Complaint, American Express states that the allegations are directed solely to Equifax, Experian, and Trans Union and therefore no response is required from American Express. To the extent a response is required, American Express denies the allegations.

36.    Answering Paragraph 36 of the Complaint, American Express states that the allegations are directed solely to Equifax, Experian, and Trans Union and therefore no response is required from American Express. To the extent a response is required, American Express denies the allegations.

37.    Answering Paragraph 37 of the Complaint, American Express states that the allegations are directed solely to Equifax, Experian, and Trans Union and therefore no response is required from American Express. To the extent a response is required, American Express denies the allegations.

38.    Answering Paragraph 38 of the Complaint, American Express states that the allegations are directed solely to Equifax, Experian, and Trans Union and therefore no response is required from American Express. To the extent a response is required, American Express denies the allegations.

39.    Answering Paragraph 39 of the Complaint, American Express states that the allegations are directed solely to Equifax, Experian, and Trans Union and

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
MIAMI

DB1/ 169745941.1

- 6 -

ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 2:26-CV-01517-FLA (MBKX)

therefore no response is required from American Express. To the extent a response is required, American Express denies the allegations.

40. Answering Paragraph 40 of the Complaint, American Express states that the allegations are directed solely to Equifax, Experian, and Trans Union and therefore no response is required from American Express. To the extent a response is required, American Express denies the allegations.

41. Answering Paragraph 41 of the Complaint, American Express states that the allegations are directed solely to Equifax, Experian, and Trans Union and therefore no response is required from American Express. To the extent a response is required, American Express denies the allegations.

42. Answering Paragraph 42 of the Complaint, American Express states that the allegations are directed solely to Equifax, Experian, and Trans Union and therefore no response is required from American Express. To the extent a response is required, American Express denies the allegations.

43. Answering Paragraph 43 of the Complaint, American Express states that the allegations are directed solely to Equifax, Experian, and Trans Union and therefore no response is required from American Express. To the extent a response is required, American Express denies the allegations.

44. Answering Paragraph 44 of the Complaint, American Express states that the allegations are directed solely to Equifax, Experian, and Trans Union and therefore no response is required from American Express. To the extent a response is required, American Express denies the allegations.

45. Answering Paragraph 45 of the Complaint, American Express states that the allegations are directed solely to Equifax, Experian, and Trans Union and therefore no response is required from American Express. To the extent a response is required, American Express denies the allegations.

/ / /

/ / /

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Miami

DB1/ 169745941.1

- 7 -

ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 2:26-CV-01517-FLA (MBKX)

**COUNT II**

**(VIOLATION OF THE FCRA 15 U.S.C. § 1681I)**

**AGAINST EQUIFAX, EXPERIAN, AND TRANS UNION**

46.     Answering Paragraph 46 of the Complaint, American Express incorporates each of its responses to Paragraphs 1 through 45 above as though fully set forth herein.

47.     Answering Paragraph 47 of the Complaint, American Express states that the allegations are directed solely to Equifax, Experian, and Trans Union and therefore no response is required from American Express. To the extent a response is required, American Express denies the allegations.

48.     Answering Paragraph 48 of the Complaint, American Express states that the allegations are directed solely to Equifax, Experian, and Trans Union and therefore no response is required from American Express. To the extent a response is required, American Express denies the allegations.

49.     Answering Paragraph 49 of the Complaint, American Express states that the allegations are directed solely to Equifax, Experian, and Trans Union and therefore no response is required from American Express. To the extent a response is required, American Express denies the allegations.

50.     Answering Paragraph 50 of the Complaint, American Express states that the allegations are directed solely to Equifax, Experian, and Trans Union and therefore no response is required from American Express. To the extent a response is required, American Express denies the allegations.

51.     Answering Paragraph 51 of the Complaint, American Express states that the allegations are directed solely to Equifax, Experian, and Trans Union and therefore no response is required from American Express. To the extent a response is required, American Express denies the allegations.

52.     Answering Paragraph 52 of the Complaint, American Express states that the allegations are directed solely to Equifax, Experian, and Trans Union and

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
MIAMI

DB1/ 169745941.1

- 8 -

ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 2:26-CV-01517-FLA (MBKX)

therefore no response is required from American Express. To the extent a response is required, American Express denies the allegations.

53.    Answering Paragraph 53 of the Complaint, American Express states that the allegations are directed solely to Equifax, Experian, and Trans Union and therefore no response is required from American Express. To the extent a response is required, American Express denies the allegations.

54.    Answering Paragraph 54 of the Complaint, American Express states that the allegations are directed solely to Equifax, Experian, and Trans Union and therefore no response is required from American Express. To the extent a response is required, American Express denies the allegations.

55.    Answering Paragraph 55 of the Complaint, American Express states that the allegations are directed solely to Equifax, Experian, and Trans Union and therefore no response is required from American Express. To the extent a response is required, American Express denies the allegations.

56.    Answering Paragraph 56 of the Complaint, American Express states that the allegations are directed solely to Equifax, Experian, and Trans Union and therefore no response is required from American Express. To the extent a response is required, American Express denies the allegations.

57.    Answering Paragraph 57 of the Complaint, American Express states that the allegations are directed solely to Equifax, Experian, and Trans Union and therefore no response is required from American Express. To the extent a response is required, American Express denies the allegations.

58.    Answering Paragraph 58 of the Complaint, American Express states that the allegations are directed solely to Equifax, Experian, and Trans Union and therefore no response is required from American Express. To the extent a response is required, American Express denies the allegations.

59.    Answering Paragraph 59 of the Complaint, American Express states that the allegations are directed solely to Equifax, Experian, and Trans Union and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
MIAMI

DB1/ 169745941.1

- 9 -

ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 2:26-CV-01517-FLA (MBKX)

therefore no response is required from American Express. To the extent a response is required, American Express denies the allegations.

60.   Answering Paragraph 60 of the Complaint, American Express states that the allegations are directed solely to Equifax, Experian, and Trans Union and therefore no response is required from American Express. To the extent a response is required, American Express denies the allegations.

**COUNT III**

**(VIOLATION OF THE FCRA 15 U.S.C. § 1681S-2(b))**

**AGAINST CAPITAL ONE AND AMERICAN EXPRESS**

61.   Answering Paragraph 61 of the Complaint, American Express incorporates each of its responses to Paragraphs 1 through 60 above as though fully set forth herein.  American Express affirmatively alleges that Plaintiff's claims fail because American Express did not receive notice of any dispute sufficient to trigger duties under 15 U.S.C. § 1681s-2(b), and/or any duties that were triggered were fully satisfied through a reasonable investigation and appropriate reporting consistent with the information available to American Express at the time.

62.   Answering Paragraph 62 of the Complaint, American Express denies the allegations contained therein.

63.   Answering Paragraph 63 of the Complaint, American Express denies the allegations contained therein.

64.   Answering Paragraph 64 of the Complaint, American Express denies the allegations contained therein.

65.   Answering Paragraph 65 of the Complaint, American Express denies the allegations contained therein.

66.   Answering Paragraph 66 of the Complaint, American Express denies the allegations contained therein.

67.   Answering Paragraph 67 of the Complaint, American Express denies the allegations contained therein.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
MIAMI

DB1/ 169745941.1

- 10 -

ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 2:26-CV-01517-FLA (MBKX)

68. Answering Paragraph 68 of the Complaint, American Express denies the allegations contained therein.

69. Answering Paragraph 69 of the Complaint, American Express denies the allegations contained therein.

70. Answering Paragraph 70 of the Complaint, American Express denies the allegations contained therein.

71. Answering Paragraph 71 of the Complaint, American Express denies the allegations contained therein.

72. Answering Paragraph 72 of the Complaint, American Express admits only that it is a national banking association. Except as expressly admitted herein, American Express denies the allegations and remaining characterizations contained in Paragraph 72.

73. Answering Paragraph 73 of the Complaint, American Express denies the allegations contained therein.

74. Answering Paragraph 74 of the Complaint, American Express denies the allegations contained therein.

75. Answering Paragraph 75 of the Complaint, American Express denies the allegations contained therein.

76. Answering Paragraph 76 of the Complaint, American Express denies the allegations contained therein.

**COUNT IV**

**(DEFAMATION)**

**AGAINST CAPITAL ONE AND AMERICAN EXPRESS**

77. Answering Paragraph 77 of the Complaint, American Express incorporates each of its responses to Paragraphs 1 through 76 above as though fully set forth herein.

78. Answering Paragraph 78 of the Complaint, American Express denies the allegations contained therein.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
MIAMI

DB1/ 169745941.1

- 11 -

ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 2:26-CV-01517-FLA (MBKX)

79.    Answering Paragraph 79 of the Complaint, American Express denies the allegations contained therein.

80.    Answering Paragraph 80 of the Complaint, American Express denies the allegations contained therein.

81.    Answering Paragraph 81 of the Complaint, American Express denies the allegations contained therein.

82.    Answering Paragraph 82 of the Complaint, American Express denies the allegations contained therein.

**RIGHT TO AMEND**

83.    Answering Paragraph 83 of the Complaint, Paragraph 83 states legal conclusions to which no response is required. To the extent a response is required, American Express denies the allegations.

**PRAYER FOR RELIEF**

84.    Answering Paragraph 84 of the Complaint, American Express denies that Plaintiff is entitled to any of the requested relief or to any relief whatsoever from American Express.

**DEMAND FOR JURY TRIAL**

85.    Answering Paragraph 85 of the Complaint, American Express acknowledges Plaintiff's jury demand.

American Express denies each and every allegation not expressly admitted. Except as expressly admitted herein, American Express denies that any information it furnished was inaccurate, incomplete, or misleading, and denies that it violated the FCRA or any other applicable law. American Express denies that Plaintiff is entitled to the requested relief.

**<u>AFFIRMATIVE DEFENSES</u>**

Without assuming the burden of proof where it otherwise lies with Plaintiff, American Express, as separate and distinct affirmative defenses to the Complaint and all claims alleged therein, alleges as follows on information and belief:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
MIAMI

DB1/ 169745941.1

- 12 -

ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 2:26-CV-01517-FLA (MBKX)

## FIRST AFFIRMATIVE DEFENSE

### (Failure To State a Claim)

The Complaint, and each claim and cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against American Express.

## SECOND AFFIRMATIVE DEFENSE

### (Agreement To Arbitrate)

The Complaint, and each purported claim alleged therein, is barred, in whole or in part, because the credit card at issue is governed by a written cardmember agreement that includes an arbitration agreement requiring all claims to be resolved in binding arbitration.  American Express does not waive, and expressly reserves, the right to elect arbitration under the terms of the arbitration agreement.

## THIRD AFFIRMATIVE DEFENSE

### (Statute Of Limitations)

The Complaint, and each cause of action therein, is barred, in whole or in part, by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

The Complaint, and each claim and cause of action alleged therein, is barred by the conduct, actions and inactions of Plaintiff, which amount to and constitute an estoppel of the causes of action and any relief sought thereby.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

The Complaint and each purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

The Complaint, and each claim and cause of action alleged therein is barred by the conduct, action and inactions of Plaintiff, which amount to and constitute a

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
MIAMI

DB1/ 169745941.1

- 13 -

ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 2:26-CV-01517-FLA (MBKX)

waiver of any right or rights Plaintiff may or might have in relation to the matters alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint, and each claim and cause of action alleged therein, is barred, in whole or in part, on the grounds that Plaintiff may obtain no relief under the Complaint by reason of the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure To Mitigate)

The Complaint and each purported cause of action alleged therein is barred, in whole or in part, because as to any damage suffered by Plaintiff as a result of the matters alleged in the Complaint, which American Express denies, Plaintiff failed to mitigate those damages.

## NINTH AFFIRMATIVE DEFENSE

### (Ratification)

The Complaint, and each claim and cause of action alleged therein, is barred by the conduct, actions and inactions of Plaintiff under the doctrine of ratification.

## TENTH AFFIRMATIVE DEFENSE

### (Independent/Intervening Conduct)

The Complaint and each purported cause of action alleged therein is barred, in whole or in part, because any damage sustained by Plaintiff, which American Express denies, was the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents, beyond the control of American Express.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

Plaintiff is precluded from any recovery for violation of any applicable statute because any such violation (which American Express denies occurred) was not

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
MIAMI

DB1/ 169745941.1

- 14 -

ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 2:26-CV-01517-FLA (MBKX)

intental and resulted from a bona fide error notwithstanding the maintenance of procedures adopted to avoid such errors.

## TWELFTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

American Express alleges that, if Plaintiff sustained any loss as a result of the matters alleged in the Complaint, such loss, if any, was caused and contributed to by the conduct of Plaintiff, and such conduct on his part constitutes a bar to any recovery or, in the alternative, recovery, if any, should be reduced in proportion to the extent such conduct was a cause of his loss, if any.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Setoff)

The claims alleged by Plaintiff are subject to a setoff or recoupment for amounts owed by Plaintiff on his American Express credit card account(s).

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Preemption)

Plaintiff's state law claims, including the defamation claim, are barred in whole or in part by federal preemption, including but not limited to 15 U.S.C. § 1681t(b)(1)(F) and/or 15 U.S.C. § 1681h(e).

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Truth)

Plaintiff's defamation claim is barred because any information furnished by American Express was true and/or substantially accurate.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Malice – Required for State Law Claims)

Plaintiff's defamation claim is barred because Plaintiff cannot establish that American Express acted with malice or willful intent to injure, as required under 15 U.S.C. § 1681h(e).

/ / /

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
MIAMI

DB1/ 169745941.1

- 15 -

ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 2:26-CV-01517-FLA (MBKX)

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Qualified Privilege)

Any communications by American Express were privileged under applicable law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Willful Violation)

Plaintiff's claims for statutory and punitive damages are barred because American Express did not act willfully, knowingly, or recklessly, and at all times acted in good faith and in accordance with a reasonable interpretation of the FCRA.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

American Express has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. American Express therefore reserves the right to assert additional affirmative defenses in the event discovery or further investigation indicates that such defenses are appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, American Express prays for judgment as follows:

1. That Plaintiff take nothing by the Complaint;

2. That the Complaint be dismissed with prejudice as against American Express;

3. That American Express recover its attorneys' fees and costs to the extent permitted by applicable law;

4. That judgment be entered in favor of American Express and against Plaintiff; and

5. For such other and further relief as the Court deems just and proper.

/ / /

/ / /

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
MIAMI

DB1/ 169745941.1

- 16 -

ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 2:26-CV-01517-FLA (MBKX)

Dated: May 22, 2026                MORGAN, LEWIS & BOCKIUS LLP


By:    _____/s/ Debra J. Reed_____
                    Debra J. Reed

Attorneys for Defendant
AMERICAN EXPRESS NATIONAL
BANK, erroneously sued as American
Express Company

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
MIAMI

DB1/ 169745941.1

- 17 -

ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 2:26-CV-01517-FLA (MBKX)